UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUWAYNE M. PINCKNEY,<br><br>            Petitioner,<br><br>   v.<br><br>KENT REGIONAL JUSTICE CENTER,<br><br>            Respondent. | C16-530-TSZ<br><br>ORDER |

THIS MATTER comes before the Court on petitioner's Objections, docket no. 6, to the Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler, docket no. 5. The R&R recommended that the Court dismiss petitioner's habeas claim because: (i) he was not in custody pursuant to a judgment of a state court, *see* 28 U.S.C. § 2254(a); and (ii) he had not exhausted his state court remedies, *see* 28 U.S.C. § 2254(b). Petitioner objects on the basis that he has been convicted, although not sentenced, by a state court and that he has filed motions for relief in state court. However, this argument confuses a jury finding of guilt with the court's entry of judgment. In Washington, judgment is entered at the time of sentencing. *See* LCrR 7.3; *see also* RCW 9.94A.480 (referencing a unitary "judgment and sentence document"). As

ORDER - 1

1  there has been no sentencing, there is no judgment pursuant to which petitioner is being

2  held. Additionally, the exhaustion requirement means that petitioner must present his

3  claims to the Supreme Court of Washington. 28 U.S.C. § 2254(b); *Granberry v. Greer*,

4  481 U.S. 129, 133-34 (1987). Because there has been no judgment of conviction, there

5  cannot have been any exhausted state claims challenging the conviction.[1] Accordingly,

6  the Court ADOPTS and APPROVES the R&R, docket no. 5, and this case is

7  DISMISSED without prejudice for a lack of jurisdiction. The Clerk is DIRECTED to

8  send copies of this Order to petitioner and to Judge Theiler.

9        IT IS SO ORDERED.

10       Dated this 22nd day of June, 2016.

 

                                          /s/ Thomas S. Zilly

                                        Thomas S. Zilly
                                        United States District Judge

---

[1] Petitioner's reference to a Rule 7.8 motion for "Relief from Judgment or Order" cannot satisfy the exhaustion requirement as that motion is brought within the context of the original criminal case, and would not be heard by the Supreme Court of Washington. *Granberry*, 481 U.S. at 133-34. Petitioner must satisfy the exhaustion requirement through a Personal Restraint Petition pursuant to Washington Rule of Appellate Procedure 16.3.

ORDER - 2